BRADFORD, Justice.
This is an action brought against the acceptor of a bill of exchange, which had been several times specially indorsed, and the plaintiffs are the first of those indorsors. At the trial the plaintiffs gave no direct proof of payment to the last indorsee, insisting that possession of the bill and protest was sufficient, or at least prima facie evidence of it. Whether it be so, or not, is the point in question.
It seems to be fully settled in Death versus Serwonters (a) *146 that by a special indorsement of a bill of exchange, the indorsor parts with his right and discharges the acceptor as to any payment to him ; and that he can regain his property only by taking up the bill, and making payment to the last indorsee. The same doctrine is laid down in Brunetti and Lewin, reported in Carthew 130, and afterwards on error in Lutch. 896. where it is held, “ that if the bill has been specially indorsed by the " plaintiff, he cannot recover, unless at the trial there be evidence of payment to the last indorsee.”
This payment, therefore, is a material part of the plaintiffs’ case. They state it as such in their declaration ; and rightly ; for, it is clear, from the case of Brunetti and Lewin, that if it were not stated, the omission would be fatal. (a) Being a material fact it must be proved.
The plaintiffs do not appear to deny this ; but they contend, that possession of the bill is prima facie evidence of property in it. This is the case with bills payable to bearer, and sometimes when the bill is payable to order. But, among bills payable to order, there is a familiar distinction between those which are specially indorsed, and those which are indorsed in blank. Possession of the latter is evidence of title ; and Ld. Mansfield assigns the reason in Peacock versus Rhodes, Dougl. 611. " Bills indorsed in “ blank, says he, are considered as bills payable to bearer: “ Both pass by delivery : And possession proves property in both " cases.” But bills specially indorsed do not pass by delivery; and, therefore, possession does not prove property in them.
The last indorsee may transfer his right either by indorsement, or by accepting payment from the indorsor. If the first had been the case, and the present plaintiffs had claimed as his indorsees, it is clear, they must have proved his hand writing. Possession would have been no evidence of that: Why then should it be evidence of payment ? The one is as material as the other, and it is as easy to prove a receipt, as to prove an indorsement.
But the case of Mendez versus Carreroon, (b) if it be law, goes the whole length of determining this question. It was doubted at the bar; but I agree with the rest of the Court, that there is no ground to suspect its authority. It is neither denied, nor doubted, nor is its principle shaken, in any subsequent cases. On the contrary, it has all the support we can reasonably expect, that of being handed to us, in our abridgments and elementary treatises, as established law (c).
If this case needed any confirmation, it strikes me that the same principle is to be discovered in Pigot and Clark, reported in *147 Salk. 126. and 12 Mod. 192. There the plaintiff, who was the payee, had indorsed the bill, and afterwards brought this action against the acceptor. It was objected, that the plaintiff’s right had been transferred by the endorsement; and that he could not maintain the action; but the Court held, that the indorsement, being in blank, did not necessarily import a transfer ; and they add (a) " but if the blank had been filled up, the indorsee alone could have maintained the action.” This at once distinguishes a special from a general indorsement; and proves that the possession of a bill, specially indorsed, is no evidence of a right to its contents.
But the plaintiffs rely on the case of Morris and Foreman (b) determined in this Court, where it is said the Court held, that " the possession of a bill of exchange is evidence of an authority to “ demand it contents.” This is but a short note of the case, without any state of facts; and seems to me more extensive than the principle of the case will warrant. I have examined the record, and enquired in the facts of that cause, and that the decision may be understood I will state them. It was an action between the original parties, brought by the payee against the drawer, upon a bill drawn under a particular agreement, respecting the damages in case of a protest. Morris remitted this bill to London on his own account, to his correspondents Clifford and Tysot, who had no interest whatever in its contents ; but with this indorsement: “ Pay to the order of Clifford and Tysot.” The bill being protested, this action was brought; and the indorsement appearing on the bill and protest, the defendant moved for a non-suit, insisting that the action could be brought only by the indorsee; but the Court held that the action was maintainable in the name of the plaintiff. Under all the circumstances before them, the Court, doubtless considered the indorsement as a mere authority to receive the money for the plaintiff’s use, and not as a transfer of the interest. In this view it is no more than what was ruled long ago in Dehers versus Harriot. Show. 164. There the plaintiff had indorsed the bill as follows : “ Pray pay to D. value on my " account.” And it was objected that the plaintiff’s interest was transferred by the indorsement. But it being proved that Dhad no interest in the monies; and the indorsement being " on the plaintiff’s account,” it was held, that no interest passed, and the action was sustained. In strictness, perhaps, it ought to appear on the face of the indorsement (c) whether it was intended as a transfer, or an authority ; but be this as it may, the principle which governed in the case of Morris and Foreman, does not in any degree interfere with the present decision.
*148 The inconveniences, which might result from establishing so strict a rule of evidence, were strongly urged, and struck me forcibly on the argument ; but, on a close inspection, they will disappear, or be found to be balanced by opposite advantages. The payee may avoid them if he will, by a general indorsement, which is now the most common, and is said to be the most proper one. The difficulty suggested, of tracing payment to the several indorsees, may be avoided by a general receipt of the last indorsee on the protest.
Besides it is a real benefit to the mercantile world, that bills may be thus restrained. It is a desirable security against accidents and fraud ; even bank bills, generally payable to bearer, are framed in this manner for distant remittances. Being made payable to order and specially indorsed, the payment can be to no one but the indorsee. If the acceptor pays a bill, specially indorsed, to any but the indorsee, it is clear from the case cited by Judge Yeates, as also from Doug. 617. that he must pay it over again. To admit that possession is any evidence of right in this case, would be to make all bills, in effect bills payable to bearer ;—would multiply losses, and encrease the temptations to theft.
Upon the whole, I am fully satisfied, that as the plaintiffs gave no evidence of payment to the last indorsee, they were not intitled to a verdict, and that judgment must be entered as in case of a non-suit.
Yeates, Justice, concurred, and delivered his reasons at large.

 Luch. 888.

 Carth. 130.

 L. Raym. 743.

 4 Vin. 265. Cun. Bill. Ex. Dig. of Cas. K. B. Law. Dict. Lovelass. Kidd.

 12 Mod. 193.

 1 Dall. Rep. 193.

 2 Burr. 1227.